EXHIBIT "A"



# State of New Jersey
### Department of Banking and Insurance
Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

Tel (609) 292-7272

Chris Christie
*Governor*

Kim Guadagno
*Lt. Governor*

Richard J. Badolato
*Commissioner*

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

5/19/2017

Attention:
CORPORATION SERVICE COMPANY
SCOTTSDALE INSURANCE COMPANY
PRINCETON SOUTH CORPORATE CENTER
100 CHARLES EWING BLVD., SUITE 160
EWING, NJ 08628

RE: Ray Angelini, Inc., individually and by and through its subrogee, The Charter Oak Fire Insurance Company, also suing individually v. Scottsdale Insurance Company, et al.
Superior Court of New Jersey, Monmouth County Law Division
Docket No.  L-468-17

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter.  The documents served are enclosed herein.

By copy of this letter I am advising the Attorney for the Plaintiff(s) in this matter and certifying with the Clerk of the Court that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

*Debra A. Mullen/se*

**Debra A. Mullen**
Administrative Assistant

C:  Donald J. McCarthy
    Borowsky & Borowsky, LLC
    59 Avenue at the Common, Suites 101 & 102
    Shrewsbury, NJ 07702

    Clerk of the Superior Court, Monmouth County

---

*Visit us on the Web at dobi.nj.gov*



*New Jersey is an Equal Opportunity Employer*    *Printed on Recycled Paper and Recyclable*

Our File No.: 30882
Donald J. McCarthy - ID No.: 173532015
BOROWSKY AND BOROWSKY, LLC
Attorneys at Law
59 Avenue at the Common, Suites 101 and 102
Shrewsbury, New Jersey 07702
Tel.: (732) 212-9400 • Fax: (732) 212-9445
Attorneys for Plaintiffs, Ray Angelini, Inc., individually and by and through its subrogee, The Charter Oak Fire Insurance Company, also suing individually

FILED MAY 01 2017 MONMOUTH VICINAGE CIVIL DIVISION

MAY 1 5 2017

| | |
|---|---|
| RAY ANGELINI, INC., individually and by and through its subrogee, THE CHARTER OAK FIRE INSURANCE COMPANY, also suing individually,<br>　　　　　　　　　　*Plaintiffs*,<br><br>vs.<br><br>CRUM & FORSTER SPECIALTY INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, UNION ROOFING & SHEET METAL CONTRACTORS, INC. d/b/a UNION ROOFING CONTRACTORS, INC. d/b/a UNION ROOFING,<br>　　　　　　　　　　*Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION / MONMOUTH COUNTY<br>DOCKET NO.: L-468-17<br><br>*Civil Action*<br><br>AMENDED COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiffs, Ray Angelini, Inc. ("Angelini") and The Charter Oak Fire Insurance Company ("Charter Oak"), by way of Amended Complaint for Declaratory Judgment say:

COUNT I

1.　Plaintiffs seek a determination of the obligations of the defendant insurance companies to provide liability insurance coverage to plaintiff Angelini for claims asserted in an underlying lawsuit, styled *Matthew Acker v. Ray Angelini, Inc. et al v. DDM Steel Construction, LLC, et al.*, which was pending in the United States District Court for the Eastern District of Pennsylvania under case number 2:14-cv-00019 ("underlying lawsuit").

2.　Plaintiff, Charter Oak, is a legal entity, with its principal place of business located at 1 Tower Square, Hartford, Connecticut, which is authorized to transact business in New Jersey, and transacts business in Monmouth County.

3. Charter Oak issued a liability policy to Angelini, has provided a defense to it in the underlying lawsuit, is subrogated to Angelini's rights against the defendants, and also has its own independent rights against those defendants.

4. Plaintiff, Angelini, is a business entity organized under the laws of New Jersey with an address of 105 Blackwood-Barnsboro Road, Sewell, New Jersey, that at all relevant times, transacted business in New Jersey and was the named insured on the Charter Oak policy.

5. Plaintiffs seek a declaration that the defendant insurers owe Angelini primary coverage as an additional insured under the policies they issued as stated herein, and that they owe Angelini a defense and indemnification in the underlying lawsuit, that the Charter Oak policy is excess over the defendant insurers' policies, and that Charter Oak is entitled to reimbursement of any settlement payments made on Angelini's behalf to resolve the underlying lawsuit and all costs expended in defending Angelini in the underlying action and in prosecuting this action.

6. At all times relevant hereto, defendant, Crum & Forster Specialty Insurance Company ("C & F") is a business entity with an address at 305 Madison Avenue, Morristown, New Jersey, that transacted insurance business in New Jersey and issued a liability insurance policy to Union Roofing & Sheet Metal Contractors d/b/a Union Roofing Contractors, Inc. d/b/a Union Roofing ("Union").

7. At all times relevant hereto, defendant, Scottsdale Insurance Company ("Scottsdale") is a business entity with an address at 8877 North Gainey Center Drive, Scottsdale, Arizona, that transacted insurance business in New Jersey and issued a liability insurance policy to DDM Steel Construction, LLC.

8. Upon information and belief, defendant, Union, is a business entity with an address of 101 West Chestnut Ave North Wildwood, New Jersey, that contracted with Angelini to perform work on property located within New Jersey, and has or may have an interest in the outcome of this lawsuit.

2

9. On or around November 16, 2011, Angelini contracted with the Salem County Board of Chosen Freeholders ("County"), to perform various services related to renovations to the Salem County Office Complex ("complex"), which is located in Salem, New Jersey.

10. On or around December 13, 2011, Angelini contracted with Union and DDM Steel to perform certain work pursuant to Angelini's contract with the County.

11. These contracts required Union and DDM Steel to each procure and maintain a commercial general liability policy that covered Angelini as an additional insured, and that was primary and non-contributory to other insurance maintained by Angelini.

12. Upon information and belief, both the C & F policy and the Scottsdale policy provide coverage to Angelini as an additional insured that is primary to other insurance maintained by Angelini.

13. Upon information and belief, DDM Steel Construction, LLC subcontracted some of its work on the complex to AJA Skies The Limit, Inc. ("AJA").

14. On or around October 25, 2013, the underlying plaintiff filed the underlying lawsuit against Angelini and AJA seeking recovery for injuries he allegedly suffered as a result of a fall at the complex.

15. The complaint in the underlying lawsuit alleges that, on or about March 6, 2012, the underlying plaintiff, was employed by Union and was working on the complex's roof when he fell.

16. It is asserted in the underlying lawsuit that the underlying plaintiff's injury was caused in whole, or in part, by the work performed by Union, DDM Steel Construction, LLC and/or AJA pursuant to the respective contracts and subcontracts regarding construction on the complex.

17. Charter Oak tendered Angelini's defense in the underlying lawsuit to both C & F and Scottsdale.

18. C & F, via letter dated December 31, 2013, agreed to provide Angelini a defense and indemnification in the underlying lawsuit under a reservation of rights.

19. However, C & F has failed to provide a defense to Angelini, despite its agreement to do so.

20. Scottsdale, via letter dated March 26, 2014, agreed to provide Angelini with a defense and indemnification in the underlying lawsuit under a reservation of rights.

21. Despite its agreement to do so, Scottsdale failed to provide a defense to Angelini, and then changed its position, to Angelini's detriment, and denied coverage to Angelini in a letter it issued on April 29, 2015, over a year later.

22. Scottsdale wrongfully denied coverage to Angelini for the underlying lawsuit.

23. C & F wrongfully failed to participate in Angelini's defense and adjustment of the claims against Angelini.

24. A settlement tentatively has been reached regarding the underlying plaintiff's claims against Angelini.

25. Charter Oak provided Angelini with a defense in the underlying lawsuit, and provided insurance coverage for the portion of the settlement paid to the underlying plaintiff on behalf of Angelini, and is subrogated to Angelini's rights against C & F and Scottsdale, as well as having its own independent rights against those entities.

26. The Charter Oak policy, which provides excess coverage to Angelini in the circumstances, states that Charter Oak did not have a duty to defend Angelini when other insurers, such as Scottsdale and C & F, provide primary coverage and have a duty to defend Angelini.

27. C & F and Scottsdale both owed, and still owe, liability insurance coverage to Angelini for the underlying lawsuit, including the duty to defend it in the underlying lawsuit and to indemnify it for any judgment or settlement reached in that lawsuit.

28. C & F and Scottsdale have been unjustly enriched to Charter Oak's detriment based on its defense of Angelini.

WHEREFORE, plaintiffs request judgment as follows:

a. A declaration that C & F owes a duty to defend Angelini in the underlying lawsuit;

b. A declaration that C & F is required to indemnify Angelini for any judgment and/or settlement obtained in the underlying lawsuit;

c. A declaration that Scottsdale owes a duty to defend Angelini in the underlying lawsuit;

d. A declaration that Scottsdale is required to indemnify Angelini for any judgment and/or settlement obtained in the underlying lawsuit;

e. A declaration that the Charter Oak policy is excess to the C & F and Scottsdale policies;

f. Reimbursement for all costs and fees expended by Charter Oak in defending Angelini in the underlying lawsuit;

g. An award for all costs and fees incurred by the plaintiffs in prosecuting this declaratory judgment action;

h. A declaration that all of the parties in this declaratory judgment action are bound to the judgments rendered by the court in the captioned matter pursuant to *N.J.S.A.* 2A:16-56; and

i. Any further relief the court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to *Rule* 4:5-1(c), Frank E. Borowsky, Jr., ID No.: 018281989, is hereby designated as trial counsel for Plaintiffs in the above-captioned matter.

## CERTIFICATION PURSUANT TO *RULE* 4:5-1

I hereby certify that, upon information and belief, with the exception of the underlying lawsuit that is referred to in the Amended Complaint, this matter is not the subject of any other action pending in any court or pending arbitration proceeding contemplated, nor is any other action or arbitration proceeding contemplated. I further certify that I am not aware of any non-party who should be joined in the action pursuant to *Rule* 4:28 or who is subject to joinder pursuant to *Rule* 4:29-1(b) because of personal liability to any party on the basis of the same transactional facts.

BOROWSKY AND BOROWSKY, LLC
Attorneys at Law
Attorneys for Plaintiffs,
Ray Angelini, Inc., individually and by and through its subrogee, The Charter Oak Fire Insurance Company, also suing individually

_____
DONALD J. MCCARTHY

Date: April 28, 2017

6